DORSEY & WHITNEY LLP
Zachary W. Carter, Esq.  (zc-0216)
250 Park Avenue
New York, NY  10177
Tel.:  212-415-9200

DORSEY & WHITNEY LLP
Roger J. Magnuson, Esq. (*pro hac vice*)
Thomas M. Jancik, Esq. (*pro hac vice*)
Suite 1500, 50 South Sixth Street
Minneapolis, MN  55402
Tel.:  612-340-2600

*Attorneys for Plaintiff*
*Envirokare Tech, Inc.*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
-X

Envirokare Tech, Inc.,

                Plaintiff,

-v-

Steve Pappas,

                Defendant.

-------------------------------------------------
-X

No. 05 Civ. 5515 (LAK)

**DECLARATION OF GEORGE E. KAZANTZIS IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**


    I, GEORGE E. KAZANTZIS, declare and state as follows:

1. I am the President, Secretary and Chief Operating Officer of Envirokare Tech, Inc. ("Envirokare"), the plaintiff in the above-captioned matter. I am also a member of the Board of Directors of Envirokare.

2. I submit this Declaration in opposition to Defendant's Motion for Partial Summary Judgment.

3. Article XIII of Envirokare's Amended and Restated Bylaws states as follows:

> [T]he Corporation shall pay the expenses of officers and directors of the Corporation incurred in defending a civil or criminal action, suit or proceeding, as they are incurred and in advance of the final disposition of such matter, *upon receipt of an undertaking in form and substance acceptable to the Board of Directors for the repayment of such advances* if it is ultimately determined by a court of competent jurisdiction that the officer or director is not entitled to be indemnified.

(emphasis added). A true and correct copy of the Envirokare Bylaws is annexed to the Declaration of Steve Pappas in Support of Motion for Partial Summary Judgment ("Pappas Declaration") as Exhibit A.

4. By letter dated December 12, 2005, Defendant Steve Pappas ("Pappas") demanded, through counsel, that Envirokare advance him his costs incurred in connection with defending the claims asserted against him in the Second Amended Complaint. In the letter, Pappas suggested that as of December 12, 2005 he had incurred $35,870.87 in costs associated with defending against those claims. A true and correct copy of this December 12, 2005 letter is annexed

to the Declaration of John D. Holden in Support of Motion for Partial Summary Judgment ("Holden Declaration") as Exhibit C.

5. Enclosed with the letter was Pappas' purported "undertaking" to repay any such amounts advanced by Envirokare. This "undertaking" is backed by nothing more than his naked promise that he will repay any such amounts advanced by Envirokare. A true and correct copy of this "undertaking" is annexed to the Pappas Declaration as Exhibit B.

6. The following day, through counsel, Envirokare wrote to Pappas to inform him that the advancement of his allegedly incurred expenses would not be appropriate. A true and correct copy of this letter is annexed to the Holden Declaration as Exhibit E. Envirokare took this position for a variety of reasons.

7. To date, the Board of Directors of Envirokare has not met to formally consider whether Pappas' "undertaking" for the repayment of any advances is acceptable in form and substance, as required by the Company's bylaws.

8. When the issue is considered by the Board of Directors of Envirokare, it is hard to imagine that the Board of Directors of Envirokare will decide that Pappas' "undertaking" is acceptable in form and substance.

9. Except for the funds credited to Envirokare as a result of its joint venture with NOVA Chemicals, Inc. ("NOVA"), the manner in which any and all funds have been made available to the Company has been through either loans or

the sale of securities – principally low cost options and warrants – with the result that the Company has little if any cash available.

10. In this lawsuit, the Company seeks, among other things, to recover from Pappas monies that it has had to pay to defend itself against a lawsuit that was filed in connection with the "Maine Transaction." The "Maine Transaction" was the result of actions undertaken by Pappas for his own personal benefit and contrary to the specific written and verbal instructions of Envirokare.

11. Before accepting the form and substance of Pappas' "undertaking," and advancing funds to Pappas that it does not currently have, in order to fulfill its fiduciary duty to safeguard corporate assets, the Board of Directors of Envirokare will need to carefully investigate Pappas' ability to repay any such advances, as well as his current liquidity.

12. In light of the nature of this lawsuit, Pappas' numerous prior misrepresentations and self-dealing, and the exaggerated legal bills submitted thus far, it is highly unlikely that the Board of Directors will find it acceptable to advance funds to Pappas when the "undertaking" supporting that advance is only Pappas' promise that he will repay the debt.

13. Under the circumstances presented, it is likely that the Board of Directors of Envirokare would require significant additional guarantees in order for Pappas' "undertaking" to be acceptable.

14.     Pappas' demand for the advancement of funds was also not plausible at the time it was made.  Although the Second Amended Complaint was filed on November 1, 2005, Pappas' counsel immediately suggested that leave to amend was required for that Complaint to be considered valid.  Envirokare therefore sought leave from the Court to file the Second Amended Complaint on approximately November 10, 2005.

15.     This Court did not grant Envirokare's Motion for Leave to Amend until December 13, 2005.  Virtually all of Pappas' legal expenses from the commencement of this lawsuit up to and including the date of the Court's Order granting Leave to Amend were incurred in seeking dismissal of the Company's claims regarding the Voting Trust and therefore not reimbursable.

16.     Pappas did not file his Answer to the Second Amended Complaint until January 9, 2006.  Given the fact that Pappas had not yet filed a pleading in response to the Second Amended Complaint as of the date of his demand for the advancement of costs, it was extremely unlikely that he could have incurred $35,870.87 in costs associated with defending the claims in that Complaint by that time.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

                                              s/ George E. Kazantzis_____
                                              George E. Kazantzis

Executed on February 27, 2006