UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ENVIROKARE TECH, INC.,

                    Plaintiff,


              -against-                                   05 Civ. 5515 (LAK)


STEVE PAPPAS,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OPINION**


          Appearances:


                    Zachary W. Carter
                    Roger J. Magnuson
                    Thomas M. Jancik
                    DORSEY & WHITNEY LLP
                    *Attorneys for Plaintiff*


                    John D. Holden
                    WINDELS MARX LANE & MITTENDORF, LLP
                    *Attorneys for Defendant*


LEWIS A. KAPLAN, *District Judge.*

          This is an action against plaintiff's former chief executive officer, Steve Pappas, for

breach of fiduciary duty and a declaration of the continuing validity of a voting trust containing some

of the shares of Envirokare Tech, Inc. ("Envirokare") owned by Pappas.  Pappas counterclaims on

various theories, but the claim relevant here is that he is entitled pursuant to the company's by-laws

to the advancement of the expenses of defending the company's breach of fiduciary duty claim against him. The motion is before the Court on Pappas' motion for partial summary judgment on that claim.

*Facts*

The reader may be spared the tale of the company's disenchantment with Pappas and the separation of their relationship. It suffices for present purposes to say that Envirokare now accuses him of gross mismanagement and worse and seeks to recover substantial damages and that Pappas is equally complimentary of the company and seeks substantial damages in his own right.

Envirokare is a Nevada corporation, the by-laws of which provide in relevant part:

"[T]he Corporation shall pay the expenses of officers and directors of the Corporation incurred in defending a civil or criminal action, suit or proceeding, as they are incurred and in advance of the final disposition of such matter, upon receipt of an undertaking in form and substance acceptable to the Board of Directors for the repayment of such advances if it is ultimately determined by a court of competent jurisdiction that the officer or director is not entitled to be indemnified."[1]

By letter dated December 12, 2005, Pappas demanded, through counsel, that the company advance him the costs of defending this action. Enclosed with the letter was an undertaking to repay any such amounts advanced by Envirokare in the event it ultimately was determined that Pappas is not entitled to indemnification. Envirokare's counsel promptly replied that the company would not advance expenses, this despite the fact that the board of directors, at least as of the submission of this motion, never has considered the issue despite repeated written requests and at least two intervening meetings.

---

[1] Pappas Decl. Ex. A, Art. XIII.

*Discussion*

*Sarbanes-Oxley*

Section 402(a) of the Public Company Accounting Reform and Investor Protection Act of 2002, better known as the Sarbanes-Oxley Act, added a new Section 13(k) to the Securities and Exchange Act of 1934 which makes it "unlawful" for a reporting company, directly or indirectly, "to extend or maintain credit, to arrange for the extension of credit, or to renew an extension of credit, in the form of a personal loan to or for any director or executive officer . . . of that issuer."[2] Envirokare claims that this provision forecloses the advancement of expenses to officers and directors by reporting companies because these advances, though authorized by their by-laws and state law are forbidden extensions of credit. Envirokare earns full points for creativity, but the argument is unpersuasive.

To begin with, Sarbanes-Oxley does not bar all extensions of credit[3] by reporting companies to their officers and directors, only those that take the form of "personal loans."[4] While the statutory language is not especially helpful in discriminating between loans that are "personal" and those that are not, recourse to the context in which the statute was enacted[5] and to common sense

---

[2] 15 U.S.C. § 78m(k).

[3] Pappas does not deny that an advance to pay legal expenses is a loan or extension of credit.

[4] *E.g., Cooper Indus., Inc. v. Aviall Servs., Inc.,* 543 U.S. 157, 167 (2004) ("we must, if possible, construe a statute to give every word some operative effect").

[5] *See, e.g., Matter of Letters Rogatory Issued by the Direction of Inspection of the Government of India,* 385 F.2d 1017, 1020 (2d Cir. 1967) (Friendly, J.) (legislation "must

remains appropriate.

Sarbanes-Oxley was enacted in the wake of the corporate scandals of a few years ago, which included the making of huge loans by certain companies to their executives, perhaps most notably a $400 million loan by WorldCom to its now-convicted former chief executive officer, Bernard Ebbers.[6] Envirokare has not called the Court's attention to even a hint that Congress was concerned with stopping the advancement of defense costs to corporate officials pursuant to by-laws and state corporation statutes, and the Court is aware of none. Moreover, Congress, had it intended such a radical step as prohibiting such advances,[7] surely would have made its purpose evident in explicit terms.[8]

This conclusion is reinforced by the absurd consequences that would flow from the adoption of the position taken by Envirokare.[9] As Professor Coffee has pointed out, such an interpretation of the statute "would on its face bar a $2,000 travel advance to a Vice President who

---

be interpreted in terms of the mischief it was intended to rectify").

[6]

See, e.g., John C. Coffee, Jr., *Leading Issues Under Sarbanes-Oxley, Part I*, 9/19/02 NYLJ 5 (col. 1) (hereinafter *Coffee*).

[7]

The statutes of every state and the District of Columbia authorize corporations to indemnify directors for litigation expenses. 2 AMERICAN LAW INSTITUTE, PRINCIPLES OF CORPORATE GOVERNANCE: ANALYSIS AND RECOMMENDATIONS § 7.20, *Reporter's Note 1* (1994). Most states, permit advancement of defense costs "upon receipt of an undertaking . . . to repay" if required. 2 DENNIS J. BLOCK, ET AL., THE BUSINESS JUDGMENT RULE 1894 (1998).

[8]

See, e.g., Toilet Goods Ass'n v. Finch, 419 F.2d 21, 27 (2d Cir. 1969) (Friendly, J.) ("before a court will hold Congress to have made a basic change . . . , legislators must either use plain language or give other clear manifestation of intent").

[9]

See, e.g., United States v. Turkette, 452 U.S. 576, 580 (1981) ("absurd results are to be avoided" in construing statutes).

is about to fly to London to close a deal for his corporation."[10]  It would render it equally unlawful for a corporate officer to take a few dollars from petty cash to buy postage stamps for the purpose of mailing a company's tax return to the Internal Revenue Service.

It is worth noting also that the Securities and Exchange Commission ("SEC") has avoided such an apparently unintended result in construing Sections 17(h) and (I) of the Investment Company Act.[11]  Those provisions prohibit the basic documents and contracts of registered investment companies from containing provisions protecting officers, directors, investment advisers, and principal underwriters against liability to the companies and their shareholders by reason of willful misfeasance, bad faith, gross negligence, or reckless disregard in the course of their duties. The SEC staff quite reasonably has construed the statute to permit the advancement of defense costs against an undertaking to repay in the event that indemnification is not required, provided the board either (1) obtains some assurance of repayment if repayment ultimately is required, or (2) reasonably believes that the officer or director ultimately will be entitled to indemnification.[12]  Although the staff's position has been criticized as lacking a rationale,[13] it nevertheless is instructive and

---

[10]

    *Id.*

[11]

    15 U.S.C. §§ 80a-17(h), 80a-17(I).

[12]

    Investment Company Act Rel. No. 24083, 1999 WL 820629, at *10 (Oct. 14, 1999); *see also* Investment Company Act Rel. No. 11330, 1980 WL 27386 (Sept. 4, 1980).

    Indeed, it has gone so far as to state that legal counsel advising an investment company board in connection with the advancement of defense costs may afford independent directors a rebuttable presumption that they had not engaged in conduct that would foreclose indemnification.  Investment Company Act Rel. No. 24083, 1999 WL 820629, at *10.

[13]

    *Coffee.*

supportive of Pappas' position here.

There doubtless will be cases in which distinguishing between forbidden personal loans and permitted advances will present nice questions of law and policy. But the Court is put in mind of *Jacobellis v. Ohio,*[14] where Justice Stewart, faced with the question whether a particular movie constituted hard-core pornography, famously wrote:

> "I shall not attempt further to define the kinds of material I understand to be embraced within that shorthand description; and perhaps I could never succeed in intelligibly doing so.  But I know it when I see it, and the motion picture involved in this case is not that."[15]

The Court need not for present purposes define "personal loan," but an advance of defense costs pursuant to state law and corporate by-laws is not within that term.  The Sarbanes-Oxley Act does not prohibit such advances.

*Undertaking*

Envirokare next complains that Pappas' unsecured undertaking to repay any advance is unsatisfactory.

The by-laws require that an officer or director seeking advancement of expenses provide "an undertaking in form and substance acceptable to the Board of Directors."  In ordinary circumstances, the question whether a proffered undertaking is adequate is a matter committed to

---

[14] 378 U.S. 184 (1964).

[15] *Id.* at 197 (Stewart, J., concurring).

the business judgment of the board.[16]  It is undisputed, however, that the board of directors of

Envirokare has refused to consider the undertaking that Pappas provided in the nearly three months

since he first requested advancement of expenses.[17]  It has declined to do so despite Pappas' written

requests that his request be considered at the December 16, 2005 and January 26, 2006 meetings,[18]

and it has offered no meaningful excuse for its inaction.[19]

Envirokare's board of directors cannot avoid its obligations by the simple expedient

of declining to act.

*Conclusion*

Envirokare has advanced no legitimate reason for declining to advance Pappas

reasonable costs of defending against its breach of fiduciary duty claims.[20]  Accordingly, Pappas'

---

[16]
*See, e.g., Advanced Mining Systems, Inc. v. Fricke,* 623 A.2d 82, 84 (Del. Ch. 1992) ("task of determining whether the undertaking proffered . . . is sufficient to protect the corporation's interest in repayment" within "the business judgment of the board").

[17]
Kazantzis Decl. ¶ 7.

[18]
Pappas Decl. ¶¶ 7-12 & Exs. B, C and D.

[19]
The company's chief operating officer says that the board "will need to carefully investigate Pappas' ability to repay any . . . advances, as well as his current liquidity," before advancing any funds.  Kazantzis Decl. ¶ 11.  That might have been an appropriate conclusion for the board to have reached.  *But see In re Adelphia Comms. Corp. V. Rigas*, 323 B.R. 345, 376 (Bankr. S.D.N.Y. 2005) (Distinguishing between undertaking and ability to repay).The simple fact, however, is that the board has never considered the matter.

[20]
Pappas concedes that he is not entitled to advancement of expenses incurred in defending against the company's voting trust claim or in prosecuting his counterclaims.

motion for partial summary judgment is granted to the extent that the Court holds that Envirokare shall advance to Pappas the reasonable expenses of defending the company's breach of fiduciary duty claim against him.

       SO ORDERED.

Dated: March 10, 2006

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)